## Neves v. Pennsylvania Railroad Company.

*Victor Frey*, for plaintiff; *Francis B. Biddle*, for defendant.

KUN, J., July 26, 1928.—This is a motion to take off a non-suit. The testimony may be summarized as follows:

The plaintiff, a railway postal clerk, was employed on Dec. 16, 1926, on a railway mail car on a train of the defendant bound from Cambridge, Md., to Seaford, Del. The train stopped at Federalsburg, Md., to take aboard some parcel post packages, consisting of baskets of potatoes for shipment. An employee of the defendant threw these packages up into the railway mail car from a small truck which was standing alongside the door of the car, and the plaintiff removed them from that position into racks and bins in the car. Defendant's employee was apparently throwing the packages up into the car faster than they were being removed by the plaintiff, so that a pile of them formed. While the plaintiff was placing one of the packages weighing about seventy pounds in a bin, another package or basket which had been thrown up on the pile by defendant's employee rolled off the pile against the feet of the plaintiff, causing him to fall and sustain injuries, to recover damages for which he filed this suit against the defendant.

Although the plaintiff claimed he had on some previous occasion asked the defendant's employee not to throw packages into the car, there was no evidence in the case of any negligence on the part of the defendant's employee in handling the baskets or packages in the way he did; that they were handled in any unusual manner. The train was *en route*, and when it stopped as indicated, the packages or baskets of potatoes were thrown into the mail car, so far as any testimony discloses, as packages are usually thrown into mail, baggage or express cars. Accordingly, the court took the view that there was no evidence of negligence in the case and that the plaintiff's injuries resulted from an act which was incidental to his own employment, either as a duty or because he placed himself in the position of receiving the packages as he testified he did. If, in the circumstances, the charge of negligence on the part of the defendant could on any theory be sustained, plaintiff could, nevertheless, not recover. The fact in the case must always be borne in mind that at the time of the accident the defendant was actually helping defendant's employee in getting the mail car loaded with parcel post packages. If it was plaintiff's duty to receive the packages, then the toppling over of one of them which caused his injury was clearly incidental to his employment. If it was not his duty to so receive them, and he could have, so far as any duty on his part was concerned, stepped aside to a perfectly safe place in the car until the packages had been thrown into it by the defendant's employee, but, instead, voluntarily joined defendant's employee in the work of loading the car, receiving the packages as they were thrown into it, he placed himself

for the time being in the relationship of a fellow-employee with the defendant's employee, although they were not technically fellow-servants in the sense of having a common employer, and in such a situation plaintiff could not recover for any alleged negligence of such employee in connection with their joint acts: Wischam v. Rickards, 136 Pa. 109.

The plaintiff relies on some Pullman porter cases in this State and some postal clerk cases in other states. The case of Murray v. Philadelphia & Reading Ry. Co., 249 Pa. 126, indeed, "clearly laid down what is now the rule of law in Pennsylvania," as plaintiff's counsel properly pointed out in his brief, with reference to the status of a Pullman porter, to which the status of a railway mail clerk is argued as being analogous, "that the porter on a Pullman car which is being hauled by a railroad company, though not a railroad passenger in the ordinary meaning of the word, is yet entitled to the rights of a passenger, so far as his safe transportation is concerned." It is the significance of the limitation "so far as his safe transportation is concerned" which is overlooked by the plaintiff. At the time of the accident plaintiff was actually helping the defendant's employee to get the mail car loaded with parcel post packages. The accident was in no sense due to any negligence on the part of the defendant in transporting the plaintiff safely— its conceded duty. That is the distinction which must be made in this case. In Yarrington v. Delaware & Hudson Co., 143 Fed. Repr. 565, the court quoted from Chesapeake & Ohio R. R. Co. v. Patton, 23 App. D. C. 113, and in that case the court emphasizes the distinction at page 122, "that there may be risks which a postal clerk may assume, different from those of an ordinary passenger, may well be admitted; but those risks do not include acts of negligence of the railway company in the management or operation of its road." Plaintiff also cites L. & B. Ry. Co. v. Chenewith, 52 Pa. 382, to the effect that one not an employee or trespasser on a train is entitled to the rights of a passenger, but the quotation from this case limits this general proposition by the words "so far as his safe transportation is concerned." In Arrowsmith v. Nashville, 57 Fed. Repr. 165, the mail clerk was injured in the course of transportation by an act over which he had no control. The court said the railroad had contracted for the passage of mail clerks to carry them without negligence in the matter of their transportation.

In the instant case, the matter of transportation was not at all involved. If a passenger, within the full intendment of the term—one who has bought and paid for his ticket—had put himself in the same position in which the plaintiff did in this case, to help the defendant's employee load the mail car and had been hurt or injured in the manner in which the plaintiff was injured, such passenger would not be permitted to recover, because he would not have been injured in those circumstances by reason of any negligence of the defendant in the management or operation of the road, or because there was any failure on the part of the railroad company to transport him safely.

The situation is the same with a Pullman porter. The mere fact that he is a Pullman porter does not give him the right to recover because he is injured somewhere or somehow about the train. For instance, if he should leave his post on the Pullman car, where his duty is to assist passengers on and off with their baggage, and go to another portion of the train to help some employee of the railroad to load a car and should be injured while so doing, he would not be entitled to recover. A postal employee is in no different position.

The proofs in the case show that plaintiff was not injured by reason of any unsafe transportation of him by the defendant or because of any negligence

on its part in the management or operation of its road, but his injury was due to an accident, either incidental to the duties of his employment or because he voluntarily placed himself in the position of a fellow-employee of the defendant's employee in helping him to load the railway mail car.

In any view of the case, the proofs do not show any cause of action against the defendant.

The motion to take off the non-suit is overruled.